IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

ABDULLAH AL-AMIN,          )
                                 )
      Plaintiff,          )
v.                        )       Civil Action No. 3:11CV859–HEH
                                 )
DR. HANCEROTH, *et al.*,     )
                                 )
      Defendants.      )

## MEMORANDUM OPINION
### (Dismissing Civil Rights Action)

Abdullah Al-Amin, a Virginia inmate proceeding *pro se* and *in forma pauperis*, filed this 42 U.S.C. § 1983 action.[1]  The matter is before the Court for evaluation pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A.

## I. BACKGROUND

The Magistrate Judge made the following findings and recommendations:

### Preliminary Review

Pursuant to the Prison Litigation Reform Act ("PLRA") this Court must dismiss any action filed by a prisoner if the Court determines the action (1) "is frivolous" or (2) "fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2); *see* 28 U.S.C. § 1915A. The first standard includes claims based upon "'an indisputably meritless legal

---

[1] The statute provides, in pertinent part:

Every person who, under color of any statute . . . of any State . . . subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law . . . .

42 U.S.C. § 1983.

theory,'" or claims where the "'factual contentions are clearly baseless.'" *Clay v. Yates,* 809 F. Supp. 417, 427 (E.D. Va. 1992) (quoting *Neitzke v. Williams,* 490 U.S. 319, 327 (1989)). The second standard is the familiar standard for a motion to dismiss under Fed. R. Civ. P. 12(b)(6).

"A motion to dismiss under Rule 12(b)(6) tests the sufficiency of a complaint; importantly, it does not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." *Republican Party of N.C. v. Martin,* 980 F.2d 943, 952 (4th Cir. 1992) (citing 5A Charles A. Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1356 (1990)). In considering a motion to dismiss for failure to state a claim, a plaintiff's well-pleaded allegations are taken as true and the complaint is viewed in the light most favorable to the plaintiff. *Mylan Labs., Inc. v. Matkari,* 7 F.3d 1130, 1134 (4th Cir. 1993); *see also Martin,* 980 F.2d at 952. This principle applies only to factual allegations, however, and "a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." *Ashcroft v. Iqbal,* 556 U.S. 662, 679 (2009).

The Federal Rules of Civil Procedure "require[ ] only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 555 (2007) (second alteration in original) (quoting *Conley v. Gibson,* 355 U.S. 41, 47 (1957)). Plaintiffs cannot satisfy this standard with complaints containing only "labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Id.* (citations omitted). Instead, a plaintiff must allege facts sufficient "to raise a right to relief above the speculative level," *id.* (citation omitted), stating a claim that is "plausible on its face," *id.* at 570, rather than merely "conceivable." *Id.* "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal,* 556 U.S. at 678 (citing *Bell Atl. Corp.,* 550 U.S. at 556). In order for a claim or complaint to survive dismissal for failure to state a claim, therefore, the plaintiff must "allege facts sufficient to state all the elements of [his or] her claim." *Bass v. E.I. DuPont de Nemours & Co.,* 324 F.3d 761, 765 (4th Cir. 2003) (citing *Dickson v. Microsoft Corp.,* 309 F.3d 193, 213 (4th Cir. 2002); *Iodice v. United States,* 289 F.3d 270, 281 (4th Cir. 2002)). Lastly, while the Court liberally construes *pro se* complaints, *Gordon v. Leeke,* 574 F.2d 1147, 1151 (4th Cir. 1978), it does not act as the inmate's advocate, *sua sponte* developing statutory and constitutional claims the inmate failed to clearly raise on the face of his complaint. *See Brock v. Carroll,* 107 F.3d 241, 243 (4th Cir.

1997) (Luttig, J., concurring); *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

## Summary of Allegations and Claims

Al-Amin is a Virginia inmate with a history of back problems. Al-Amin names fourteen individuals as defendants, including Dr. Harvard Stephens, the Head Physician for the Virginia Department of Corrections. In the thirty-five paragraphs of the Complaint, Al-Amin relates the medical care he received for his back problems from June 27, 1987 until February 1, 2010. Al-Amin acknowledges that he "finally received the . . . needed surgery that Dr. Stephens insisted that [Al-Amin] would not benefit from." (Compl. 18 (spelling corrected).)[2] Al-Amin seeks monetary damages and for the defendants to pay all of his future medical bills. (*Id.* at 19.)

## Analysis

Under 28 U.S.C. § 1915(e)(2), the Court must dismiss claims which the relevant statute of limitations clearly bars. *Brown v. Harris*, No. 3:10CV613, 2012 WL 12383, at *1 (E.D. Va. Jan. 3, 2012) (citing *Eriline Co. S.A. v. Johnson*, 440 F.3d 648, 655–57 (4th Cir. 2006); *Nasim v. Warden, Md. House of Corr.*, 64 F.3d 951, 955 (4th Cir. 1995)). Because no explicit statute of limitations for 42 U.S.C. § 1983 actions exists, the courts borrow the personal injury statute of limitations from the relevant state. *Nasim*, 64 F.3d at 955 (citing *Wilson v. Garcia*, 471 U.S. 261, 266-69 (1985)). Virginia applies a two-year statute of limitations to personal injury claims. *See* Va. Code Ann. § 8.01-243(A) (West 2013). Hence, Al-Amin should have filed his Complaint within two years from when the underlying claims accrued. "A claim accrues when the plaintiff becomes aware of his or her injury, *United States v. Kubrick*, 444 U.S. 111, 123 (1979), or when he or she 'is put on notice . . . to make reasonable inquiry' as to whether a claim exists." *Almond v. Sisk*, No. 3:08cv138, 2009 WL 2424084, at *4 (E.D. Va. Aug. 6, 2009) (omission in original) (quoting *Nasim*, 64 F.3d at 955).

Al-Amin filed his Complaint on December 16, 2011.[3] *See Lewis v. Richmond City Police Dep't*, 947 F.2d 733, 736 (4th Cir. 1991) (concluding inmate's civil action was filed for statute of limitation purposes when

---

[2] The Court employs the page numbers assigned to this document by the Court's CM/ECF docketing system.

[3] This is the date of the cover letter that Al-Amin attached to his Complaint. (ECF No. 1-4, at 1.)

handed to prison officials for mailing).  Thus, for Al-Amin's claims pertaining to the denial of adequate medical care to be timely, the claims must have accrued after December 16, 2009.  The Complaint fails to contain any facts indicating that Al-Amin's claims accrued after December 16, 2009.  Al-Amin was aware of his back problems and the purportedly inadequate medical care prior to that date.  Al-Amin acknowledges that as of September 10, 2009, he "finally received an MRI," which revealed the specific injuries to his back.  (Compl. 17 (spelling corrected).)  Al-Amin's Complaint fails to describe any instances of inadequate medical care by the named defendants that occurred after December 16, 2009.  Accordingly, it is RECOMMENDED that the action be DISMISSED as barred by the relevant statute of limitations.

(April 26, 2013 Report and Recommendation (alterations and omission in original).)  The

Court advised Al-Amin that he could file objections or an amended complaint within

fourteen (14) days after the entry of the Report and Recommendation.  Al-Amin moved

for an extension of time and then filed Objections and an Amended Complaint.  Al-

Amin's Motion for Extension of Time (ECF No. 27) will be granted.  Al-Amin's

Objections and Amended Complaint are deemed timely filed.

## II. STANDARD OF REVIEW

"The magistrate makes only a recommendation to this court.  The recommendation

has no presumptive weight, and the responsibility to make a final determination remains

with this court." *Estrada v. Witkowski*, 816 F. Supp. 408, 410 (D.S.C. 1993) (citing

*Mathews v. Weber*, 423 U.S. 261, 270–71 (1976)).  This Court "shall make a de novo

determination of those portions of the report or specified proposed findings or

recommendations to which objection is made." 28 U.S.C. § 636(b)(1).  "The filing of

objections to a magistrate's report enables the district judge to focus attention on those

issues—factual and legal—that are at the heart of the parties' dispute." *Thomas v. Arn*,

474 U.S. 140, 147 (1985). In the absence of a specific written objection, this Court may

adopt a magistrate judge's recommendation without conducting a de novo review. *See*

*Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 316 (4th Cir. 2005).

### III. AL-AMIN'S OBJECTIONS AND AMENDED COMPLAINT

As explained below, the Magistrate Judge's statute of limitations analysis applies

with equal force to the allegations in the Amended Complaint. Accordingly, the Court

will discuss the Amended Complaint and the Objections collectively.

Al-Amin's Objections span twelve pages. Nevertheless, much of Al-Amin's

Objections discuss the substantive merit of his claims. The substantive merit of Al-

Amin's claims is irrelevant to the statute of limitations analysis. Therefore, Al-Amin's

objections, which discuss the substantive merit of his claims, will be overruled. *See*

*Miller v. Currie*, 50 F.3d 373, 380 (6th Cir. 1995) (citation omitted) (requiring that

objections direct the Court to a finding which is both "dispositive and contentious"); *see*

*also Muscarella v. Barnhart*, 117 F. App'x 333, 334 (5th Cir. 2004).

Al-Amin objects to the Magistrate Judge's statute of limitation analysis. First, Al-

Amin objects to the Magistrate Judge's analysis as to when his cause of action accrued.

Under Al-Amin's reasoning, the statute of limitations commenced on May 9, 2009.[4] On

---

[4] Al-Amin contends that, because his claim is essentially a medical malpractice claim, the Court should employ the Virginia law that holds such claims accrue when the examination and treatment for the malady conclude. (Objs. ¶ 19 (citing *Farley v. Goode*, 252 S.E.2d 594 (Va. 1979).) The time of accrual of a cause of action under § 1983 is a federal question. *Nasim v. Warden, Md. House of Corr.*, 64 F.3d 951, 955 (4th Cir. 1995). "A claim accrues when the plaintiff becomes aware of his or her injury, *United States v. Kubrick*, 444 U.S. 111, 123 (1979), or when he or she 'is put on notice . . . to make reasonable inquiry' as to whether a claim exists."

this date, "Al-Amin was scheduled to see Dr. Hanceroth. However, Dr. Hanceroth refused to see Al-Amin. This would be the end of the direct involvement of Dr. Hanceroth and the named defendants. Al-Amin w[a]s finally refer[r]ed to another orthopedic surgeon." (Am. Compl. ¶ 17 (capitalization and punctuation corrected) (citation omitted).)[5] As explained below, even applying May 9, 2009 as the date that the statute of limitations commenced, Al-Amin failed to file the present action within two years of that date.

Al-Amin contends that the Court should utilize April 30, 2011 as the date Al-Amin filed this action because he filed a similar action on that date, *Al-Amin v. Henceroth*, 3:11CV301–HEH, at 1 (E.D. Va. filed Apr. 30, 2011) ("*Al-Amin I*").[6] Al-

---

*Almond v. Sisk*, No. 3:08cv138, 2009 WL 2424084, at *4 (E.D. Va. Aug. 6, 2009) (omission in original) (quoting *Nasim*, 64 F.3d at 955).

[5] The Court notes that Al-Amin fails to allege facts that would render the present action timely under the continuing violation doctrine. "The continuing violation doctrine acts as an exception to the normal accrual date calculation in section 1983 cases." *Gonzalez v. Wright*, 665 F. Supp. 2d 334, 349 (S.D.N.Y. 2009) (citing *Shomo v. City of New York*, 579 F.3d 176, 180–81 (2d Cir. 2009)). "This doctrine, which is typically applied in discrimination cases, provides 'the commencement of the statute of limitations period may be delayed until the last [wrongful] act in furtherance of it." *Id.* (alteration in original) (quoting *Shomo*, 579 F.3d at 181). Courts have recognized "the continuing violation doctrine can apply when a prisoner challenges a series of acts that together comprise an Eighth Amendment claim of deliberate indifference to serious medical needs." *Shomo*, 579 F.3d at 182. Even with the benefit of the continuing violation doctrine, a plaintiff must allege specific acts of deliberate indifference occurring within the relevant limitation period. *Id.* Al-Amin fails to allege any acts of deliberate indifference occurring after May 9, 2009. Instead, Al-Amin acknowledges that in the year following May 9, 2009, he was "given a sy[s]tem of treatment that warr[a]nts the 'adequate' medical care fo[r] his 'serious' medical condition." (Am. Compl. 17.)

[6] April 30, 2011 is the date Al-Amin placed *Al-Amin I* in the prison mailbox for mailing to this Court. (Obj. ¶ 17 (citing *Lewis v. City of Richmond Police Dep't*, 947 F.2d 733, 736 (4th Cir. 1991).) The Court notes that *Al-Amin I* is not identical to the present action. Al-Amin only

*Amin I* was dismissed without prejudice on November 2, 2011, when Al-Amin failed to comply with the Court's directives. (*See* Objs. ¶¶ 17–18); *Al-Amin v. Henceroth*, 3:11CV301–HEH, at 1 (E.D. Va. Nov. 2, 2011). Al-Amin then filed the present action with the Court on December 16, 2011. Contrary to Al-Amin's assertion, the fact that the Court dismissed his prior action without prejudice does not entitle him to have the present action deemed filed as of the date the Court filed the Complaint in *Al-Amin I*. *Mendez v. Elliot*, 45 F.3d 75, 78 (4th Cir 1995) (citation omitted) (observing that a dismissal without prejudice "does not . . . give [a party] a right to refile without the consequence of time defenses, such as the statute of limitations").

Although the above argument by Al-Amin lacks merit, Al-Amin might receive the benefit of a tolling provision found in section 8.01–229(E)(1) of the Virginia Code. That statute provides:

> [I]f any action is commenced within the prescribed limitation period and for any cause abates or is dismissed without determining the merits, the time such action is pending shall not be computed as part of the period within which such action may be brought, and another action may be brought within the remaining period.

Va. Code Ann. § 8.01–229(E)(1) (West 2013).[7] Nevertheless, even if Al-Amin were to receive the benefit of the above provision and receive the benefit of the date he contends that his claims accrued, Al-Amin's present claims remain untimely.

---

named three defendants in *Al-Amin I* compared to the thirteen individuals named as defendants in the present action in the Amended Complaint.

[7] "This provision applies in § 1983 actions." *Stout v. Meletis*, No. 3:09CV538, 2012 WL 618688, at *4 (E.D. Va. Feb. 24, 2012) (citing *Canada v. Ray*, No. 7:08cv00219, 2009 WL

According to Al-Amin, his claims accrued on May 9, 2009. Al-Amin filed *Al-Amin I* on April 30, 2011. By that date, one year, eleven months, and twenty-one days of the limitation period had expired. Thus, when the Court dismissed *Al-Amin I* on November 2, 2011, Al-Amin had nine days or until November 11, 2011 to refile the action. Al-Amin, however, failed to file the present action until December 16, 2011. Accordingly, the statute of limitations bars the present action. Al-Amin's Objections will be overruled. The conclusion in the Report and Recommendation that the statute of limitations bars the present action will be accepted and adopted. The action will be dismissed. The Clerk will be directed to note the disposition of the action for purposes of 28 U.S.C. § 1915(g).

An appropriate Final Order will accompany this Memorandum Opinion.

/s/
HENRY E. HUDSON
UNITED STATES DISTRICT JUDGE

Date: Sept 10 2013
Richmond, Virginia

---

2448557, at *3 n.1 (W.D.Va. Aug. 10, 2009); *Tim Cheng–Chien Chang v. Burford*, No. 85–2224, 1986 WL 17844, at *2 (4th Cir. Oct. 9, 1986)).